## ELLIS v. BROWNING S. S. CO.
### No. 2215.

United States District Court
W. D. New York.
Feb. 27, 1951.

298

Smith, Miller, Murphy & Roberts, Buffalo, N. Y., for Robert T. McLaughlin and Hartford Accident & Indemnity Co. (James R. Ulah, Buffalo, N. Y., of counsel).

Richards & Coffey, Buffalo, N. Y., for respondent (Fenton F. Harrison, Buffalo, N. Y., of counsel).

BURKE, District Judge.

This is a suit in admiralty to recover damages for personal injuries alleged to have been sustained on October 21, 1947, on the Steamer Fred L. Hewitt. The libellant demanded a jury trial under the provisions of Section 1873 of Title 28, U.S.C.A. That does not change it from a suit in admiralty. The respondent has issued a subpoena duces tecum directed to Hartford Accident and Indemnity Company (not a party) to produce at an examination before trial of the said insurance company, through its claims manager, its employers' compensation file concerning injuries sustained by the libellant in the accident pertinent to this suit, together with all records, statements of witnesses, photographs, and other data. This is a motion by Hartford Accident and Indemnity Company to quash the subpoena.

 There was no authority for issuing the subpoena. The respondent has proceeded under the provisions of Rule 45(d)(1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. That rule does not apply because the Federal Rules of Civil Procedure do not apply to proceedings in admiralty. Rule 81(a)(1). In admiralty only parties are amenable to orders in discovery proceedings, and then only on motion of a party showing good cause with notice to all other parties. Admiralty Rule 32, 28 U.S.C.A. The respondent has suggested that this Court has the power to order discovery by one not a party under Admiralty Rule 44. The latitude allowed the District Courts under Rule 44 to regulate their practice is limited by the proviso in the rule that it shall not be inconsistent with the Admiralty Rules. However desirable it may seem that the Federal Rules of Civil Procedure should apply to proceedings in admiralty, it is beyond the function of the District Courts to accomplish the change. Cargo Carriers, Inc. v. Tug Prescott.[1]

Motion granted. The subpoena is quashed. It is hereby so ordered.

---

1. No opinion for publication.